**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALANA DUNN,<br><br>                Plaintiff,<br><br>        v.<br><br>UNIFIED DISTRICT SCHOOL CLOVIS et al.,<br><br>                Defendants. | Case No. 1:25-cv-00962-JLT-BAM<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFFS TO PAY THE FILING FEE**<br><br>(Doc. 2.)<br><br>**FOURTEEN DAY DEADLINE** |

Plaintiff Alana Dunn ("Plaintiff"), proceeding *pro se*, filed this action on August 5, 2025.[1] (Doc. 1.) On August 5, 2025, Plaintiff filed a short form application to proceed *in forma pauperis*. (Doc. 2.)

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating they are "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 n.2 (1993); *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed

---

[1] Plaintiff filed a Complaint against Defendants Hugh Awitrey, Thomas Brockalbank, Mark Castro, Deens L. Combs-Flores, Department of Special Educational States of CA Sequoia Area Board VIII for Developmental Disabilities, Steven G. Fogg, Willma Tom Hashimoto, Tiffany Stoker Madison, Yolanda Moore, Clinton Olivier, and Unified District School Clovis. (Doc. 1.)

1

*in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process"). A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to a plaintiff's poverty, she is unable to pay the costs and still be able to provide herself and her dependents with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. *Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015).

In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 n.5 (11th Cir. 2004); *Boulas v. United States Postal Serv.*, No. 1:18-cv-01163-LJO-BAM, 2018 WL 6615075, at *1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to *in forma pauperis* application).

In Plaintiff's short form application to proceed *in forma pauperis*, she proffers that her gross pay or wages are $4,600.00, with her take-home pay totaling $2,450.00 biweekly. (Doc. 2 at 1.) Plaintiff further proffers that she receives income of $3,007.90 (($718.58 x 3) + $852.16) from disability or worker's compensation payments, comprised of $718.58 from SSI benefits for three children each and $852.16 from SSI benefits for one child. (*Id.*) Plaintiff does not indicate whether she expects any major changes to her income over the next 12 months. Plaintiff claims four dependents. (*Id.* at 2.) Plaintiff claims monthly expenses in the amount of: (1) $2,506.00 for rent and housing expenses; (2) $295.00 for internet or television fees; (3) $268.00 for utilities; (4) $1,375.00 for food; (5) between $250.00 and $280.00 for gas; (6) $620.00 for furniture payments; (7) $20.00 for credit card payments; (8) $190.00 for Victoria's Secret; and (9) $1,114.00 for car payments. (*Id.* at 1-2.) Plaintiff claims one asset: a 2019 Chevrolet Tahoe (*Id. at 2.*) Plaintiff lists the 2019 Chevrolet Tahoe, rental payments, medical supplies, medical appointments, and taxes as debts or financial obligations. (*Id.*)

The Court finds the information contained in Plaintiff's application is inconsistent with a finding of poverty based on household income, stated expenses, and stated assets. Plaintiff's

1  annual household income is $91,294.80 (($4,600.00 + $718.58 + $718.58 + $718.58 + $852.16) x
2  12), which is almost two and a half times the poverty guideline for a five-person household
3  ($37,650.00).  2025 Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-
4  mobility/poverty-guidelines (last visited August 7, 2025).  District courts tend to reject IFP
5  applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses.
6  *Pogue v. San Diego Superior Ct.*, No. 17-CV-01091-BAS-JMA, 2017 WL 11094959, at *1 (S.D.
7  Cal. May 30, 2017).  It does not appear that Plaintiff would be rendered destitute by paying the
8  filing fee of $405.  The Court thus finds the information contained in Plaintiff's application to be
9  inconsistent with a finding of poverty.  Because the Court recommends finding Plaintiff fails to
10 establish that she is unable to pay the filing fee, the Court recommends denying her application to
11 proceed *in forma pauperis* and requiring her to pay the filing fee to proceed in this action.

12     Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in*
13 *forma pauperis* be DENIED and Plaintiff be ordered to pay the $405.00 filing fee for this action.
14 These Findings and Recommendations will be submitted to the United States District Judge
15 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen**
16 **(14) days** after being served with these Findings and Recommendations, the parties may file
17 written objections with the court.  The document should be captioned "Objections to Magistrate
18 Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15)**
19 **pages or include exhibits.  Exhibits may be referenced by document and page number if**
20 **already in the record before the Court.  Any pages filed in excess of the 15-page limit may**
21 **not be considered.**  The parties are advised that failure to file objections within the specified time
22 may result in the waiver of the "right to challenge the magistrate's factual findings" on
23 appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*,
24 923 F.2d 1391, 1394 (9th Cir. 1991)).
   IT IS SO ORDERED.
25
26     Dated:   **August 7, 2025**              /s/ *Barbara A. McAuliffe*   _
                                                UNITED STATES MAGISTRATE JUDGE
27
28

3