UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA DUNN, | Case No.: 1:25-cv-0962 JLT BAM |
| Plaintiff, | ORDER CONSTRUING PLAINTIFF'S OBJECTIONS AND RESPONSE AS REQUESTS FOR RECONSIDERATION |
| v. | |
| UNIFIED DISTRICT SCHOOL CLOVIS, et al., | (Docs. 6, 7) |
| Defendants. | ORDER DENYING RECONSIDERATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) |

Alana Dunn requested to proceed *in forma pauperis* in this action. (Doc. 2.) The Court found Plaintiff's annual household income—which exceeds $90,000—was sufficient for her to pay the Court's filing fee and still provide for life's necessities for herself and her dependents. (Doc. 5 at 1-2.) Therefore, the Court ordered Plaintiff to pay the filing fee in full to proceed with this action. (*Id.* at 2.) After the Court directed Plaintiff to pay the filing fee, Plaintiff filed objections to the order (Doc. 6) and a response to the Court (Doc. 7). The Court reviewed the filings and construes the documents as requests for reconsideration.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.* Rule 60(b) indicates such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence…;
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;

1

>(4) the judgment is void;
>(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks, citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted) (emphasis in original). Further, Local Rule 230(j) requires a movant to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;" and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

To the extent Plaintiff seeks reconsideration of the Court's order denying her application to proceed *in forma pauperis*, Plaintiff fails to show any reason under Rule 60(b) supports his request. Plaintiff asserts she has "the right to file and apply for the [fee] waiver." (Doc. 6 at 2.) However, the right to *apply* to proceed without paying the filing does not confer the right to *proceed* without the payment, particularly where the litigant fails to show indigency. It is well-established that "permission to proceed in forma pauperis is itself *a matter of privilege and not right*." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (emphasis added); *see also Williams v. Field*, 394 F.2d 329, 332 (9th Cir. 1968) ("to proceed in forma pauperis in civil actions in the federal courts, is conferred as a

1  privilege only, not as a matter of right"). The Ninth Circuit explained that the "denial of in forma
2  pauperis status does not violate the applicant's right to due process." *Franklin*, 745 F.2d at 1231.
3  Consequently, Plaintiff's objection is unavailing.

4      Plaintiff also appears to argue the sufficiency of the allegations in her complaint and the merits
5  of her case. (*See generally* Docs. 6, 7.) However, the Court has neither screened the allegations of the
6  complaint nor made any determination as to the merits. The matter will not proceed to a screening
7  unless the filing fee is paid. Any arguments related to Plaintiff's claims are irrelevant at this stage of
8  the litigation.

9      Ultimately, Plaintiff fails to invoke any basis under Rule 60(b) for reconsideration of the
10 Court's order. Plaintiff does not identify any factual or legal mistake in the Court's analysis concerning
11 her household income. Plaintiff also does not identify any new evidence or a change in controlling law
12 to support reconsideration of the Court's order. Rather, Plaintiff's arguments appear predicated on her
13 general disagreement with the ruling, which is insufficient to support a request for reconsideration. *See*
14 *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking
15 reconsideration must show more than a disagreement with the Court's decision") Based upon the
16 foregoing, the Court **ORDERS**:

17     1. Plaintiff's objection and response (Docs. 6, 7) are collectively construed as a motion for
18         reconsideration.
19     2. The motion for reconsideration is **DENIED**.
20     3. Plaintiff **SHALL** pay the filing fee **within 14 days** of the date of service of this order to
21         proceed with this action.
22     **Failure to pay the filing fee as ordered will result in dismissal of this action without**
23     **prejudice.**

25 IT IS SO ORDERED.

26     Dated:   **August 25, 2025**
27                                                                UNITED STATES DISTRICT JUDGE