UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA DUNN, | Case No.: 1:25-cv-0962 JLT BAM |
| Plaintiff, | ORDER CONSTRUING PLAINTIFF'S MOTION TO THE COURT AS A MOTION FOR RECONSIDERATION |
| v. | |
| UNIFIED DISTRICT SCHOOL CLOVIS, et al., | (Doc. 10) |
| Defendants. | ORDER DENYING RECONSIDERATION |

Alana Dunn requested to proceed *in forma pauperis* in this action. (Doc. 2.) The Court found Plaintiff's annual household income—which exceeds $90,000—was sufficient for her to pay the Court's filing fee and still provide for life's necessities for herself and her dependents. (Doc. 5 at 1-2.) Therefore, the Court ordered Plaintiff to pay the filing fee in full to proceed with this action. (*Id.* at 2.)

After the Court directed Plaintiff to pay the filing fee, Plaintiff filed objections to the order (Doc. 6) and a response to the Court (Doc. 7). The Court reviewed the filings and construed them as a motion for reconsideration under Rule 60(b). (Doc. 9.) The Court found Plaintiff failed to "identify any factual or legal mistake in the Court's analysis concerning her household income," and her arguments were "predicated on her general disagreement with the ruling." (*Id.* at 3.) Therefore, the Court denied the reconsideration and ordered Plaintiff to pay the filing fee within 14 days. (*Id.*)

Plaintiff has now filed a "motion to the Court where errors occurred." (Doc. 10.) Again, the Court construes the filing to be a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b). Pursuant

1

to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." *Id.* Rule 60(b) indicates such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence…;
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (cleaned up). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted) (emphasis in original).

To the extent Plaintiff seeks reconsideration of the Court's order denying her application to proceed *in forma pauperis* based upon a mistake of fact, Plaintiff fails to show such an error. She maintains that she does "not make 91,000 a year" and "that's a error[]." (Doc. 10 at 8.) However, the Court did not find that Plaintiff alone makes such a salary. Upon review of the motion to proceed *in forma pauperis*, the Court found that "Plaintiff reported an annual *household income* of $91,294.80 including her own salary *as well as* the SSI benefits received for four children." (Doc. 5 at 2, emphasis added.) It is indisputable that Plaintiff reported receiving $3,007.90 in benefits per month for her children, in addition to her gross monthly pay of $4,600.00. (*See* Doc. 2 at 1.) Thus, Plaintiff fails to

2

show the Court erred in identifying the household income when evaluating her motion to proceed *in forma pauperis*. Consequently, Plaintiff's argument is unavailing.

Plaintiff also appears to argue the sufficiency of the allegations in her complaint and the merits of her case. (*See generally* Docs. 10.) As the Court previously explained, the Court has not screened the allegations of the complaint nor made any determination as to the merits. The matter will not proceed to a screening unless the filing fee is paid. Any arguments related to Plaintiff's claims are irrelevant at this stage of the litigation.

Ultimately, Plaintiff fails to show reconsideration of the Court's order is appropriate under Rule 60(b). Plaintiff does not identify any factual or legal mistake in the Court's analysis concerning her household income. Plaintiff also does not identify any new evidence or a change in controlling law to support reconsideration of the Court's order. Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion "to the Court [to show] where the errors occurred," construed as a motion for reconsideration (Doc. 10) is **DENIED**.
2. Plaintiff **SHALL** pay the filing fee no later than September 25, 2025. **Further motions for reconsideration on this matter will not be entertained by the Court. Failure to pay the filing fee as ordered will result in dismissal of this action without prejudice.**

IT IS SO ORDERED.

Dated:   **September 12, 2025**

UNITED STATES DISTRICT JUDGE

3