# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA DUNN, | Case No.: 1:25-cv-0962 JLT BAM |
| Plaintiff, | ORDER DISMISSING THE ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PAY THE FILING FEE |
| v. | |
| UNIFIED DISTRICT SCHOOL CLOVIS, et al., | |
| Defendants. | |

The Court ordered Plaintiff to pay the filing fee after finding she was not entitled to proceed *in forma pauperis* in this matter. (Doc. 5.) The Court denied Plaintiff's requests for reconsideration and ordered Plaintiff to pay the filing fee no later than September 25, 2025. (Doc. 11 at 3; *see also* Doc. 9.) The Court warned Plaintiff that failure to pay the required filing fee as ordered would result in dismissal of this action. (Doc. 11 at 3; Doc. 5 at 2.) The deadline expired, and Plaintiff did not pay the filing fee. Without such payment, the action cannot proceed before the Court. *See Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022).

In finding dismissal is appropriate, the Court has considered the factors outlined by the Ninth Circuit for terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The public's interest in

expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Because Plaintiff delayed the action though her failure to obey the Court's order to pay the filing fee, the third factor also supports dismissal. Finally, the Court's warnings to Plaintiff that the matter would be dismissed if she failed to pay the filing fee satisfies the requirement of considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Consequently, the *Henderson* factors weigh in favor of dismissal for Plaintiff's failure to pay the filing fee as ordered. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors"). Thus, the Court **ORDERS**:

    1. Plaintiff's complaint is **DISMISSED** without prejudice.

    2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 29, 2025**

UNITED STATES DISTRICT JUDGE